No. 46019.—Protest 974195- G of John S. Doane Co. (Boston).

KEEFE, Judge: This suit involves the duty levied by the collector at Boston upon certain liquors claimed to have been lost through breakage in transit from a foreign port to the port of destination in the United States.

From an examination of the invoice and entry papers and a copy of a bill of lading admitted in evidence we find that the merchandise was landed at the port of New York and shipped to Boston, an immediate transportation entry having been made upon unlading from the vessel at New York. The port of destination, according to the bill of lading, was Boston, the steamship company taking advantage of the option to unlade at New York and complete delivery at Boston by other conveyance. It is noted upon the immediate transportation entry that case 144002 contained 10 full and 2 broken bottles and case 144002 contained 10 full and 1 broken bottle.

The merchandise arrived at Boston on August 21, 1937, and was examined by the customs inspector at India Wharf on Saturday, August 26, 1937, who reported a breakage of 80 cases of 122 bottles. On Thursday, August 31, 1937, 5 days exclusive of Sunday, after examination and report of the inspector, the importer filed an affidavit with the collector at Boston claiming an allowance in liquidation for breakage, in accordance with paragraph 813, act of 1930, and article 817, Customs Regulations of 1931, attaching thereto a detailed schedule of the break-age in each of the cases. The collector at Boston made allowance for breakage of two bottles reported on the immediate transportation entry in case 144002.

The importer claims that allowance should have been made for breakage of 74 bottles in 30 cases of the shipment, the breakage in said cases amounting to 10 percent or more of the contents of the respective cases, and that said allowance should have been made in accordance with the affidavit regularly filed in com-pliance with the customs regulations.

The Government, although not disputing the compliance of the importer with the law respecting breakage, contends that as the invoice papers indicate the shipment consisted of 220 cases containing 12 bottles of fifths and 30 cases con-taining 24 bottles of half fifths, there is no record to indicate the quantity of bottles in the original cases in which the bottles are reported to be broken, and therefore there is a failure of specific proof that the 74 bottles out of 30 cases enumerated in the official return by the collector at the time of liquidation con-sisted of 10 percent or more of the contents of the package, and that the collector in liquidating the entry had no more information upon the subject than is now before the court.

In reply to the Government's contention the importer urges that it is the customary practice in making out liquor invoices to show a single range of num-bers for the entire shipment, and that it is clearly understood by everyone con-cerned that the first item of 220 cases containing 12 fifths took the first 220 numbers in the range, that is, numbers 143987 to 144208 and that the second item of 30 cases containing 24 half fifths were numbered 144208 to 144239 and that therefore the numbers of the cases containing broken bottles as enumerated in the affidavit referred solely to cases containing fifths, and the affidavit estab-lishes that 10 percent or more of the contents in 74 cases were broken.

Paragraph 813, Tariff Act of 1930, reads as follows:

PAR. 813. There shall be no constructive or other allowance for breakage, leakage, or damage on wines, liquors, cordials, or distilled spirits, except that when it shall appear to the collector of customs from the gauger's return, verified by an affidavit by the importer to be filed within five days after the delivery of the merchandise, that a cask or package has been broken or otherwise injured in transit from a foreign port and as a result thereof a part of its contents, amount-ing to 10 per centum or more of the total value of the contents of the said cask

or package in its condition as exported, has been lost, allowance therefor may be made in the liquidation of the duties.

Article 815, Customs Regulations of 1937, provides as follows:

Art. 815. Definitions—Outages. (a) "Delivery" shall be construed to be effected at the time when merchandise is actually delivered by the carrier or on its order either directly to the importer or to the storekeeper in charge of a bonded warehouse. Where gauging is delayed until after the merchandise has been deposited in a bonded warehouse, date of delivery shall be construed to be the date of the completion of the gauging. Allowance shall be made only for such losses as occurred prior to the gauging of the merchandise.

(b) When merchandise is forwarded under an immediate transportation entry delivery shall be construed to be effected at the port of destination under the above conditions.

The gauger's return herein specifically notes that in cases 144002 and 144102 there are two bottles of broken fifths and in case 144108 there are 4 bottles of broken fifths, the remainder of the cases noted as containing breakage fails to specify whether or not the breakage consists of fifths or half fifths. However, the 122 broken bottles reported by the gauger were repacked in the storekeeper's warehouse in certain specified cases so that 10 cases thereof each contained 12 broken bottles and 1 case contained 10 full bottles and 2 broken bottles, thus tending to indicate that the broken bottles consisted of fifths. It is further noted that the collector granted the allowance for breakage contained in case 144002 as indicated upon the immediate transportation entry, but he failed to make allowance for the 4 bottles of fifths reported broken in case 144008

From the evidence in the record before us we find that in 29 cases there was a breakage of over 10 percent of the quantity, to wit, a breakage of 71 bottles for which allowance should have been made by the collector, and, inasmuch as allowance was made for only 2 bottles, judgment will be entered directing the collector to reliquidate the entry making allowance for the remainder of the breakage found by the customs gauger at the time of examination as above specified.